IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | 1:17CR153(5) |
| v. | § | Judge Thad Heartfield |
| | § | |
| CYNTHIA LOPEZ (5) | § | |
| | § | |

## FACTUAL BASIS AND STIPULATION

The United States of America, presents to the Court, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by the defendant, **Cynthia Lopez** and the defendant's attorney **Ron Johnson**, and presents this factual basis and stipulation in support of the defendant's plea of guilty to Count One of the information, and in support thereof, would show the following:

1. That the defendant hereby stipulates and agrees to the truth of all matters set forth in this factual basis and stipulation, and agrees that such admission may be used by the Court in support of her plea of guilty to Count One of the information, which charges a violation of 18 U.S.C. § 4, misprision of a felony

2. That the defendant, who is pleading guilty to such indictment, is one and the same person charged in the information.

3. That the events described in the indictment occurred in the Eastern District of Texas and elsewhere.

4. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would

Factual Basis and Stipulation – Page 1

have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the indictment; specifically, the government would have proven the following stipulated facts:

a. In December 2013, DEA Galveston Resident Office agents established a Cooperating Source ("CS1") who provided information into the drug trafficking activities of Alvaro Romero. CS1 advised that Romero obtained narcotics from a source in the Rio Grande Valley, had them transported to the Houston area, and then distributed them through the Eastern District of Texas to Lake Charles, Louisiana, and other locations further east. He placed the proceeds from the sales of these narcotics into the financial system in order to conceal their nature.

b. CS1 advised that before becoming a CS, he/she had purchased approximately two hundred and fifty (250) pounds of marijuana and eight (8) kilograms of cocaine from Romero.

c. On December 27, 2013, CS1 told that agents that Romero's girlfriend, later learned to be **Cynthia Lopez**, worked as a courier for Romero. From Romero's phone contacts, agents figured out Lopez's phone number. Agents learned Lopez's address from phone records and learned of a vehicle registered to Lopez with the same address listed.

d. Agents began reviewing checkpoint data on Lopez's vehicle. They discovered she made three trips from the Houston area to the Rio Grande Valley in November and December 2013.

e. On January 2014, CS1 made three narcotics purchases from Romero and called Romero's phone to set up the purchases.

f. Based on these calls, Title III interceptions began. The phones of the following individuals were intercepted beginning at the following times.

| Date Started | Individual(s)' Phone(s) |
| --- | --- |
| February 14, 2014 | Alvaro Romero |
| March 5, 2014 | Miguel Rodriguez |
| March 21, 2014 | Alvaro Romero, Arturo Elizondo |
| April 22, 2014 | Alvaro Romero, Arturo Elizondo |
| May 14, 2014 | Jose Rubio |
| July 2, 2014 | Ricardo Aviles |

**Factual Basis and Stipulation – Page 2**

| August 8, 2014 | Ricardo Aviles |
|---|---|

g. During the course of the wire interceptions, **Lopez** was involved with the following drug amounts during the following sessions:

| Date | Phone | Session(s) | Amount |
|---|---|---|---|
| February 18, 2014 | 281-889-4897 | 1127, 1699, 1983, 2261, 2517, 2520, 2530, 2548, 2552, 2553, 2564, 2578, 2602, 2615 | 45.35 kilograms marijuana |
| February 19, 2014 | 281-889-4897 | 1354, 1699, 1983, 2261 | 0.5 kilograms cocaine HCL |
| March 1, 2014 | 281-889-4897 | 4273, 4620 | 45.35 kilograms marijuana |
| March 2, 2014 | 281-889-4897 | 4538 | 22.67 kilograms marijuana |
| March 3, 2014 | 281-889-4897 | 4885 | 0.5 kilograms cocaine HCL |
| May 18-26, 2014 | 832-727-2669 | 1322, 1450, 1578, 1858, 2009, 2059, 2069, 2177, | 7.1 kilograms methamphetamine actual (seized) |

h. On May 18-25, 2014, agents intercepted eight calls between Romero and Miguel Gerardo Rodriguez where Rodriguez asked Romero if **Lopez** could travel to Brownsville, Texas, to pick up a load of narcotics to return to Houston.

i. On May 26, 2014, after **Lopez** went through a U.S. Border Patrol checkpoint in Sarita, Texas, Texas DPS stopped **Lopez's** vehicle and recovered 15.7 pounds/7.12 kilograms of methamphetamine actual.

j. Based on the wire interceptions agents made the following seizures:

| Date | Location | Co-conspirator(s) | Contraband |
|---|---|---|---|
| February 25, 2014 | **Beaumont, TX** | Courier 1 Romero Elizondo | 0.5 kg cocaine |
| March 2, 2014 | Kingsville, TX | Courier 2 | 2.18 kg cocaine |

Factual Basis and Stipulation – Page 3

|  |  | Courier 3<br>Romero<br>Alonso<br>Rodriguez | 6.54 kg methamphetamine actual |
|---|---|---|---|
| April 17, 2014 | Friendswood, TX | FNU LNU<br>Alonso | 2 ounces methamphetamine actual |
| May 26, 20014 | Sarita, TX | **Lopez**<br>Romero<br>Rodriguez | **7.12 kgs cocaine HCL |
| June 6, 2014 | West Houston, TX | Jose Rubio<br>Ines Rubio<br>Aviles<br>Worrell | 15 kg cocaine HCL discussed<br>10 kg seized |
| June 10, 2014 | Houston TX | Jose Rubio<br>Worrell | (SW of Jose Rubio's home)<br>1 assault rifle<br>2 handguns<br>Body armor<br>Note from Worrell about June 6 event |
| July 10, 2014 | Kingsville, TX | Courier 4<br>Alonso | 2.4 kg cocaine HCL |

** **Cynthia Lopez** and Alvaro Romero believed they were arranging transportation of cocaine HCL in this instance. **Miguel Rodriguez** actually caused to be placed methamphetamine actual into the vehicle, but neither **Romero** nor **Lopez** were aware the substance was methamphetamine actual. **Lopez** did know that illegal narcotics were hidden in the vehicle and did not alter an appropriate authority. Police seized the methamphetamine during a traffic stop of **Lopez's** vehicle.

k. Through a phone call and text messages **Lopez** agreed to and aided and abetted, conducting a financial transaction with the proceeds from the cocaine HCL, methamphetamine actual, and marijuana sales to conceal the source of illegal narcotic proceeds.

l. In Session 435 on February 16, 2014, after discussion about a pending case Romero had, Romeo discussed a co-conspirator who was "the guy caught with the money." They then discussed slowing the operation down, other ways to make money, and disposal of assets from the narcotics operation. **Lopez** agreed to do that and then reassured Romero that the investigators

were not interested in him. **Lopez** was again aware of Romero's illegal activity and did not notify the appropriate authorities as soon as possible.

m. In Session 4747 on March 3, 2014, **Lopez** texted Romero, "I'm going to pick up the child support and that other money after work." The reference to "other money" refers to narcotics proceeds. "Pick[ing] it up" is an agreement to conduct a financial transaction to conceal the source of the narcotic's proceeds.

n. In Session 4869 on March 3, 2014, **Lopez** texted Romero, "Give varito the money, he said he's bringing to (sic) car home." The reference to "money" refer to narcotics proceeds. Giving "varito the money" was an agreement to do a financial transaction with the narcotics proceeds in order to conceal their source.

o. Through the timeframe described in the information, **Lopez** had actual knowledge of Romero's criminal activity, to wit: conspiracy to possess with intent to distribute a mixture or substance containing 5 kilograms or more of cocaine HCL, a Schedule II controlled substance. **Lopez** did not alert an appropriate authority as soon as possible, and took an affirmative act to conceal the crimes.

DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

5. I have read this factual basis and stipulation and indictment or have had them read to me and have discussed them with my attorney. I fully understand the contents of this factual basis and stipulation and agree without reservation that the United States can prove each of these acts and that it accurately describes the events about my acts and the events as recited as I know them.

Dated: 3/1/19

x Cynthia Lopez
CYNTHIA LOPEZ
Defendant

DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this factual basis and stipulation and the indictment and have reviewed them with my client, **Cynthia Lopez**. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis and stipulation as well as the indictment, and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: 3/1/2019

RON JOHNSON
Attorney for the Defendant

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

CHRISTOPHER RAPP
Assistant United States Attorney
Eastern District of Texas
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 Fax
Arizona Bar No. 025704